UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION as Trustee for ABFC 2006-OPT3 Trust, Asset Backed Funding Corporation Asset-Backed Certificates, Series 2006-OPT3,<br><br>Plaintiff,<br><br>v.<br><br>OSWALD PETERS, et al.,<br><br>Defendants. | 25-CV-5397 (RA)<br><br>ORDER ADOPTING REPORT & RECOMMENDATION |

RONNIE ABRAMS, United States District Judge:

Plaintiff Wells Fargo Bank, National Association ("Wells Fargo"), as Trustee for ABFC 2006-OPT3 Trust, Asset Backed Funding Corporation Asset-Backed Certificates, Series 2006-OPT3, brought this action against Oswald Peters, Maureen A. Stanley, and twelve John Doe Defendants under New York's Real Property Actions and Proceedings Law ("RPAPL"). Wells Fargo sought to foreclose a mortgage issued against the residential property located at 2659 Briggs Avenue, Bronx, New York (the "Premises"). Dkt. No. 1 (Compl.). Now pending before the Court is Wells Fargo's motion for a default judgment of foreclosure and sale under Federal Rule of Civil Procedure 55(b)(2) and RPAPL § 1351. Dkt. No. 19 (Pl.'s Mot). In a Report & Recommendation issued on August 13, 2026 (the "Report"), Magistrate Judge Tarnofsky recommended that Wells Fargo's motion for default judgment be granted. Dkt. No. 32 (Report) at 24. She further recommended that (1) Scott H. Siller be appointed as referee to conduct the foreclosure auction of the Premises, at a fee not to exceed $750, (2) Wells Fargo be awarded $3,400 in attorneys' fees (50% of what Wells Fargo requested) and its documented costs, and (3) the Complaint be dismissed, per Wells Fargo's motion, as to Defendants John Doe #1–12 (the "John Doe Defendants"). *Id.* at 24–25.

A district court "may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "Within fourteen days after being served with a copy [of a report and recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." *Id.*; *see also* Fed. R. Civ. P. 72(b). Where no timely objection has been made to a magistrate judge's report and recommendation, "a district court need only satisfy itself that there is no clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). "Furthermore, if[,] as here[,] . . . the magistrate judge's report states that failure to object will preclude appellate review and no objection is made within the allotted time, then the failure to object generally operates as a waiver of the right to appellate review." *Hamilton v. Mount Sinai Hosp.*, 331 F. App'x 874, 875 (2d Cir. 2009) (summary order).

Judge Tarnofsky issued the Report on August 13, 2026. Report at 25. Wells Fargo served the Report on Defendants by first-class mail on August 17, 2026, and filed proof of service the same day. Dkt. No. 33. Because the Report was served by mail, Defendants had seventeen days from service—the standard fourteen days plus three additional days as required by Rule 6(d)—in which to object. *See* Fed. R. Civ. P. 6(d), 72(b)(2). That period elapsed on September 3, 2026, and no party has filed an objection. The Court thus reviews the Report for clear error and, finding none, adopts it in full.

As the Report recounts in detail, Peters executed a note in June 2006 to evidence a $427,500 loan from Option One Mortgage Corporation, secured by a mortgage on the Premises, which both Defendants executed. Report at 1–2. The mortgage was assigned to Wells Fargo in April 2010, and the loan was modified four times between 2011 and 2020. *Id.* at 2. Under the terms of the Note—including the most recent modification, dated March 17, 2020—Defendants had to make monthly principal and interest payments on the first of each month. *Id.* Beginning on July 1, 2024, however, Defendants failed to make their monthly payments and thereafter defaulted on the mortgage. *Id.* at 2 n.1. The default remains uncured. *Id.* at 2–3. Wells Fargo served the instant Complaint, a summons, and other required RPAPL notices upon Stanley personally and Peters by nail-and-mail service (only

after ten unsuccessful attempts at personal service between two different addresses. *Id.* at 3. Nonetheless, Defendants did not answer the Complaint or appear in response to the summons. *Id.* at 3. The Clerk of Court entered certificates of default against both Defendants on November 10, 2025, and neither Defendant responded or appeared at the May 8, 2026 show-cause hearing before Judge Tarnofsky, notice of which was also served on them. *Id.* at 4.

In the Report, Judge Tarnofsky first concluded that the Court has personal jurisdiction over Defendants, who were properly served and are domiciled in this District, and subject matter jurisdiction under 28 U.S.C. § 1332(a)(1). *Id.* at 5–13. She further determined that Wells Fargo has satisfied the pre-foreclosure requirements imposed by RPAPL §§ 1303, 1304, 1306, 1320, and 1331, *id.* at 13–14, and that the factors governing default judgment—willfulness, prejudice, and the absence of any meritorious defense—each weigh in Wells Fargo's favor. *Id.* at 15. Because Wells Fargo produced the note, the mortgage, and proof of default, Judge Tarnofsky determined that it established Defendants' liability and an unrebutted presumptive right to foreclose, therefore warranting a judgment of foreclosure and sale and the appointment of a referee. *Id.* at 16–19. As to attorneys' fees, she recommended deducting 50% from counsel's requested $6,800 fee because counsel submitted estimated rather than contemporaneous time records—leading to a fee similar to that awarded in similar cases. *Id.* at 21–23. She also recommended awarding the documented costs of $2,703.50.[1] *Id.* at 21–23. Finally, she recommended dismissing the John Doe Defendants, whom Wells Fargo has neither identified nor served, and amending the caption accordingly to omit those individuals. *Id.* at 23–24.

**CONCLUSION**

As noted above, given that no objections to the Report were filed within the allotted time

[1] The Report references a $2,703.50 figure for costs, which is based upon the Declaration of Jamie C. Krapf and other supporting documentation, including the bill of costs. Report at 23; Dkt. No. 19-5 ("Bill of Costs") at 1; Dkt. No. 16 (Declaration of Jamic C. Krapf) ¶ 2. The Report's introduction and conclusion include what appears to be a typographical error, stating that Wells Fargo should be awarded costs of $2,073.50. Because the bulk of the Report and the underlying materials indicate the correct figure is $2,703.50, however, the Court adopts that figure in this Order, and Wells Fargo should include it in its proposed judgment.

period, the Court has reviewed Judge Tarnofsky's Report for clear error. After careful review of the Report and the record, the Court finds no error—clear or otherwise—and adopts the comprehensive and well-reasoned Report in full. Wells Fargo's motion for a default judgment of foreclosure and sale is granted, Scott H. Siller is appointed as referee to conduct the foreclosure and sale of the Premises and shall be paid no more than $750 for his services, and Wells Fargo is awarded $3,400 in attorneys' fees and $2,703.50 in costs. The Complaint is dismissed as to the twelve John Doe Defendants. No later than September 18, 2026, Wells Fargo shall submit a proposed judgment of foreclosure and sale, including the award of fees and costs, consistent with the Report and this Order. The Clerk of Court is respectfully directed to terminate the motion pending at Docket Number 19.

SO ORDERED.

Dated: September 8, 2026
New York, New York

Ronnie Abrams
United States District Judge